UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARA BARRERA, as the Administrator of the Estate of JAVIER HERNANDEZ, deceased, and CLARA BARRERA, Individually,

        Plaintiff,

-against-

SHAWN M. BETHEL, VINCENT S. BETHEL, DEVIN LEON JACKSON, and JACKSON TRANSPORT SYSTEMS, LLC,

        Defendants.

**OPINION & ORDER**

23-CV-08631 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Defendant Devin Leon Jackson ("Jackson") filed a Notice of Removal on October 2, 2023, with the written consent of Defendants Shawn M. Bethel ("S. Bethel"), Vincent S. Bethel, and Jackson Transport Systems, LLC ("JTS" and collectively, "Defendants"), removing this action from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 1, "Not.").

    On October 31, 2023, Plaintiff filed a motion to remand this action to the Supreme Court of the State of New York, County of Orange, on the grounds that Defendants failed to meet their burden to establish both the existence of diversity of citizenship and the amount in controversy requirement; and seeks attorney's fees and costs under 28 U.S.C. § 1447(c). (Doc. 6; Doc. 6-1 "Pl. Br."). Defendants Jackson and JTS filed opposition on November 3, 2023 (Doc. 10, "Def. Br."), and Plaintiff filed reply on November 21, 2023 (Doc. 15, "Reply").

    For the reasons set forth below, Plaintiff's motion is GRANTED and this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).[1] "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

"The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

**DISCUSSION**

Defendants, in the Notice of Removal, claimed that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) based upon the allegations of injuries sustained by Plaintiff's decedent in the Complaint, although the "Complaint does not include an ad damnum clause," "it is clear that Plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake." (Not. ¶¶ 12, 13). Plaintiff seeks remand on the grounds that: (1) the Notice of Removal pled only the parties' "residence" as opposed to "domicile" which is insufficient to establish diversity of citizenship; and (2) Defendants' representation that the amount in controversy "may" exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold has been met. (*See generally* Pl. Br.").

Defendants filed an Amended Notice of Removal together with their opposition to Plaintiff's motion, which replaces the term "resident" with "resident and citizen" in the allegations concerning diversity (Doc. 11, "Am. Not. ¶¶ 3-7); and alleges that:

> [O]n November 1, 2023, counsel for defendants offered plaintiff's counsel a stipulation that "the amount in controversy in this matter does not exceed $75,000, and therefore this matter is hereby remanded to State Court with damages limited to $75,000 regardless of any jury award in excess thereof". However, counsel did not accept the stipulation (See Exhibit B). As such, it is clear that plaintiff's motion for remand arguing that the amount in controversy does not meet the federal jurisdictional threshold of $75,000 is disingenuous.

(*Id*. ¶ 8). Defendants also modify their representation concerning their basis for concluding that the amount in controversy requirement exits, now eliminating the word "may" and making clear that they believe their original allegations establish the amount in controversy by a preponderance of the evidence. (*Id*. ¶¶ 9, 10).

3

Defendants argue in opposition to Plaintiff's motion that diversity may have been insufficiently pled in a technical sense, but was sufficient to put all on notice of the basis for removal and the filing of the Amended Notice of Removal remedied any defective allegations of jurisdiction. (Def. Br. at 4-5). Because Plaintiff has not challenged the existence of a lack of diversity, Defendants argue, there is no reason to conclude that there was not diversity at the time this matter was removed and to date. (*Id*. at 5). Defendants further argue that the pleadings demonstrate a reasonable probability that the amount in controversy is satisfied because the Complaint seeks damages in excess of $50,000 in basic economic loss, such that it "is disingenuous to suggest the remaining damages alleged by plaintiff are worth less than an additional $25,000 combined." (*Id*. at 6). And if the pleadings are not clear enough argue Defendants, then Plaintiff's refusal to stipulate that the amount in controversy does not exceed $75,000 raises a reasonable probability that damages in excess of $75,000 are at issue. (*Id*. at 7).

    I.    <u>Amount in Controversy</u>

Plaintiff's Complaint alleges that her decedent died as a result of a motor vehicle collision. (Doc. 1-2, "Compl." ¶¶ 27, 29). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that Plaintiff's decedent "sustained economic loss greater than basic economic loss as defined in Subdivision (d) of §5102 of the Insurance Law of the State of New York" (Compl. ¶ 32) and that damages "exceed[ ] the jurisdictional limits of all lower courts which would otherwise have jurisdiction" (*id*. ¶¶ 35, 37, 41, 46). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific

sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendants assert that the amount in controversy is in excess of $75,000 because the Complaint alleges that complaint seeks damages in addition to unpaid medical bills in excess of $50,000 in basic economic loss per New York Insurance Law § 5102 (Compl. ¶ 32), consisting of damages for "wrongful death" of the 22-year-old decedent (*id.* ¶ 34) and loss of consortium (*id.* ¶ 45). Thus, they argue, "[a]s it is undisputed plaintiff is seeking damages 'in excess' of $50,000 in basic economic loss, it flies in the face of this court, and is disingenuous to suggest the remaining damages alleged by plaintiff are worth less than an additional $25,000 combined." (Def. Br. at 6). Defendants further argue that Plaintiff's refusal to stipulate that the amount in controversy in this matter does not exceed $75,000 establishes a reasonable probability that damages in excess of $75,000 are at issue. (*Id.* at 7).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' allegations in the absence of any supporting information that "it is clear that Plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake" (Not. ¶ 13) and that Plaintiff refused to stipulate that the amount in controversy in this matter does not exceed $75,000 (Am. Not. ¶¶ 8, 9), are insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. §

1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

"While it is true that some courts have retained jurisdiction after removal when a plaintiff seeking remand refused to stipulate that damages were $75,000 or less, those cases involved different facts where the court had more detailed information about permanent severe injuries and/or medical bills that are absent in this case or where the plaintiff conceded the damages exceeded $75,000." *Ma v. United Rentals (N. Am.), Inc.*, No. 23-CV-01503, 2023 WL 4102684, at *3 (S.D.N.Y. June 21, 2023) (collecting cases). "[T]he fact that a plaintiff will not stipulate to damages of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so." *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015).

Accordingly, Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper.

    II.    <u>Diversity of Citizenship</u>

While Defendants' failure to establish the amount in controversy alone is sufficient to warrant remand, the Court notes that Defendants also have failed to establish diversity of citizenship because they did not allege adequately the parties' citizenship. "It is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and

not of which state they are citizens." *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003). "Allegations of residency alone cannot establish citizenship." *Canedy*, 126 F.3d at 103. Defendants' amendment of the Notice of Removal cured the technical defect in their pleading by properly alleging the parties' citizenship, which is permissible. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("By statute, '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts,' 28 U.S.C. § 1653. Such amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds." ). However, Plaintiff came forward with evidence that S. Bethel had a New York State driver's license with a Wallkill, New York address on the day of the subject collision, the day before filing this action, and the day after the filing of Defendants' Notice of Removal. (Pl. Br. at 5; Doc. 15-1; Doc. 15-2). The Civil Cover Sheet filed in this action on October 2, 2023 lists S. Bethel's address in Wallkill, New York. (Doc. 2). This evidence at the very least raises serious doubt about Defendants' conclusory allegations in the Amended Notice of Removal that S. Bethel is a citizen of the Commonwealth of Virginia. (Am. Not. ¶ 6).

The Second Circuit permits the Court to either "remand[ ] the case to state court because" the removing party failed to demonstrate "complete diversity of citizenship" or "exercise[ ] its discretion to order further discovery to determine whether there [i]s complete diversity of citizenship." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). However, "such discretion should be exercised with caution." *Id.* Because the Court has already determined that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000, and out of respect for "the congressional intent to restrict federal court jurisdiction, as well as" the preference for "resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (citation omitted), this action must be remanded to the state

court from which it originated. *See Hines v. Azoth Inv. SPC Ltd.*, No. 21-CV-10309, 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022).

Accordingly, and in keeping with the Second Circuit's direction to resolve any doubts against removability, the motion to remand is granted.

III. Attorney's Fees and Costs

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. The general principle underpinning fee awards in cases where removal was improper is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." *Id.* at 140. Although the Court retains discretion to consider whether departure from the rule is appropriate, if "clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011).

"Although it is a close call, the Court cannot conclude that Defendants did not have an objectively reasonable basis for seeking removal." *Paruchuri v. Re.Imagin, Inc.*, No. 22-CV-10998, 2023 WL 4266936, at *8 (S.D.N.Y. June 29, 2023). As noted *supra*, some courts have retained jurisdiction after removal when a plaintiff seeking remand refused to stipulate that damages were $75,000 or less. Counsel should have recognized, however, that more detailed information about the damages at issue were necessary to bolster the fact of Plaintiff's refusal to stipulate. Counsel also should have initially pled proper allegations concerning the parties' citizenship, and should have understood that listing on the Civil Cover Sheet an address for one of the Defendants in New York would have made successful removal very unlikely. In any event, the

Court is unable to conclude that their basis for removal was not objectively reasonable. Accordingly, Plaintiff's request for attorney's fees and costs is denied.

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, Plaintiff's motion is GRANTED and this action is REMANDED to the Supreme Court of the State of New York, County of Orange. Plaintiff's motion for attorney's fees and costs is DENIED.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated, and the initial conference scheduled for January 9, 2024 is cancelled.

Dated: White Plains, New York
      November 28, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge